NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4558
_____

UNITED STATES OF AMERICA

v.

MARCUS WILLIAMS,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 11-cr-00421)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2012

Before:  FUENTES, HARDIMAN, and ROTH, *Circuit Judges*.

(Filed: July 19, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

       Marcus Williams challenges the substantive reasonableness of his sentence in this

appeal.  We will affirm.

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

Williams pleaded guilty to a one-count information charging him with knowingly and intentionally distributing and possessing with the intent to distribute twenty-eight grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a), (b)(1)(B) and 18 U.S.C. § 2. The plea agreement noted that the offense carried a five-year statutory minimum and a forty-year statutory maximum and that the sentence selected would be "within the sole discretion of the sentencing judge." The agreement contained certain stipulations, including a pact not to seek a sentence outside of the anticipated Guidelines range corresponding to a total offense level of twenty-three. The Government and Williams acknowledged that the agreement "cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties."

The Probation Office prepared a Presentence Investigation Report, which calculated a total offense level of thirty-one based on Williams's status as a career offender pursuant to § 4B1.1(b)(2) of the United States Sentencing Guidelines.[1] Williams's undisputed criminal history category was VI, yielding a Guidelines range of 188 to 235 months. At sentencing, the prosecutor admitted that he made a mistake in

calculating Williams's offense level, but acknowledged that the Government nonetheless was bound by the written plea agreement.

Over six uninterrupted transcript pages, the District Court explained why it would not impose a sentence at the offense level contemplated by the plea agreement. The Court emphasized Williams's "very extensive criminal history" and observed that, in view of the sentences imposed on other Defendants in the same matter, unwarranted disparities would be created if the Court followed the agreement. The Court noted that Williams's history and characteristics, his needs, and the general need for deterrence made the career offender enhancement "applicable and appropriate." At the same time, the Court observed that it was not bound by the advisory Guidelines and said that it had considered alternative sentences. Accordingly, the Court sentenced Williams to 188 months' imprisonment, the bottom of the Guidelines range.

Williams timely filed a notice of appeal.

II

The sentencing judge must impose a sentence that is

> sufficient, but not greater than necessary . . . . to reflect the seriousness of the
> offense, to promote respect for the law, and to provide just punishment for the
> offense[,] . . . to afford adequate deterrence to criminal conduct[,] . . . to
> protect the public from further crimes of the defendant[,] and . . . to provide
> the defendant with needed educational or vocational training, medical care, or
> other correctional treatment in the most effective manner.

---

[1] The section provides an offense level of thirty-four for Williams's crime, which was reduced by three for acceptance of responsibility.

18 U.S.C. § 3553(a)(2). The District Court must also consider the "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," the range prescribed by the Guidelines, the policy statements in the Guidelines, "the need to avoid unwarranted sentence disparities," and restitution. 18 U.S.C. § 3553(a).

Williams does not take issue with the procedures used by the District Court in sentencing but instead challenges only the substantive reasonableness of his sentence in view of the § 3553(a) factors. "Substantive reasonableness inquires into 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). We review the reasonableness of the District Court's sentence for abuse of discretion. *E.g.*, *United States v. Whiteford*, 676 F.3d 348, 364 (3d Cir. 2012). Giving due weight to the standard of review, we will affirm the sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on [Williams] for the reasons the [D]istrict [C]ourt provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

There can be no doubt from a reading of the sentencing transcript that the District Court carefully considered the § 3553(a) factors before imposing the sentence. Even though our precedents do not require it, the Court touched on almost every pertinent

factor and prudently explained why application of the career offender guideline was necessary in this case given Williams's background and needs, the interest of deterrence, and the mandate to avoid unwarranted disparities. *See, e.g.*, *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). The District Court's conclusion was eminently reasonable.

Williams makes two arguments on appeal. He asserts that the District Court did not appreciate the advisory nature of the Guidelines and did not heed the parsimony clause of § 3553(a). These arguments are belied by the record, however, which demonstrates that the District Court was well aware that the Guidelines are advisory and that the sentence imposed comports with all aspects of § 3553(a), including the parsimony clause. Williams also raises what seems at once a facial and as-applied challenge to the career offender guideline, arguing that it is inconsistent with the goals of sentencing, is unsupported by empirical data, and should not have been applied to him. Because Williams did not preserve this argument in the District Court, we will not consider it on appeal. *See United States v. Bethancourt*, 65 F.3d 1074, 1082 (3d Cir. 1995).

### III

For the foregoing reasons, we will affirm the judgment of the District Court.